

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

AE
F. #2021R00827

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

July 10, 2023

By Hand and ECF
Vinoo P. Varghese, Esq.
Varghese & Associates, P.C.
2 Wall Street
New York, NY 10005

      Re:    United States v. Jian Ai Chen,
               Criminal Docket No. 23-255 (HG)

Dear Counsel:

      Enclosed please find a drive and attached documents containing the government's initial discovery (the "Production") (DOJ_0000001 - 069426). The Production has been encrypted, and the password will be sent to you separately by email along with an index of materials. The contents of the Production have been designated "confidential" under the terms of the Protective Order in this case that was agreed to and acknowledged by you and entered by the Court. The government also requests reciprocal discovery from the defendant.

I.    The Government's Discovery

    A.    Statements of the Defendant

    Included within the production are reports containing statements of the defendant.

    B.    The Defendant's Criminal History

    At this time, the government is not aware of any criminal history of the defendant.

    C.    Documents and Tangible Objects

        1.    Medicare and Medicaid Documents and Data

      Documents and data concerning Medicare and Medicaid claims, including summaries and analyses from the Medicare Drug Integrity Contractor ("MEDIC") and documents received from the contractor Safeguard Services ("SGS") are located in folders labeled accordingly.

2. <u>Documents from Third Parties</u>

The government has obtained documents and records from multiple third-party sources. Included in the production are folders containing the following documents, which are labeled accordingly:

1) Bank account records;
2) Corporate records;
3) Records concerning pharmacy owner(s) and employees;
4) Records concerning over-the-counter ("OTC") claims;
5) Phone records;
6) Records concerning pharmacy vendors and wholesalers;
7) New York State Board of Pharmacy records;
8) Records concerning pharmacy benefit managers ("PBMs"), including prior authorization requests;
9) Accountant records
10) Property records;
11) Patient files and medical records, including an index identifying the files/folders by patient name and date of birth.

Enclosed with these materials are affidavits and declarations concerning the authenticity of records as business records, pursuant to Federal Rules of Evidence 803(6) and 902(11), and the government intends to proffer those records into evidence at trial as self-authenticating. See <u>United States v. Komasa</u>, 767 F.3d 151 (2d Cir. 2014).

3. <u>Search Warrant Returns</u>

The Production includes certain materials obtained from and relating to searches of premises and one or more electronic devices. These materials contain communications with the defendant. Included with these materials are certain draft translations for your assistance and convenience. In addition, including with these materials are inventories and logs of seized items, including seized computers, hard drives and other electronics. If you would like a copy of any of the computers, drives or electronic devices identified in the inventories or logs, please contact me to discuss the specifications of the hard drive(s) to be provided.

If you wish to inspect or review any original materials, please contact me to discuss and arrange a time to review seized materials.

4. <u>Recordings</u>

The government is making available to you audio and visual recordings. An index is included here as Attachment A (which is also designated as "Confidential"). Please contact me to discuss providing you with a copy of these materials or a subset of these materials. For your convenience, the Production contains summary translations of certain of these recordings.

D. <u>Reports</u>

Enclosed are reports of certain interviews with third-parties.

The government will provide you with copies of any reports of examinations or tests in this case as they become available.

E. <u>Expert Witnesses</u>

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702, 703 and 705 and notify you in a timely fashion of any expert that the government intends to call at trial and provide you with a summary of the expert's opinion.

The identity, qualifications, and bases for the conclusions of each expert will be provided to you when they become available.

F. <u>Brady Material</u>

The government understands and will comply with its continuing obligation to produce exculpatory material as defined by <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and its progeny.

Before trial, the government will furnish materials discoverable pursuant to Title 18, United States Code, Section 3500, as well as impeachment materials. <u>See</u> <u>Giglio v. United States</u>, 405 U.S. 150 (1972).

G. <u>Other Crimes, Wrongs or Acts</u>

The government will provide the defendant with reasonable notice in advance of trial if it intends to offer any material under Fed. R. Evid. 404(b).

II. <u>The Defendant's Required Disclosures</u>

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure. The government requests that the defendant allow inspection and copying of (1) any books, papers, documents, data, photographs, tapes, tangible objects, or copies or portions thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely upon at trial, or that were prepared by a witness whom the defendant intends to call at trial.

The government also requests that the defendant disclose prior statements of witnesses who will be called by the defendant to testify. <u>See</u> Fed. R. Crim. P. 26.2. In order to avoid unnecessary delays, the government requests that the defendant have copies of those statements available for production to the government no later than the commencement of trial.

3

The government also requests that the defendant disclose a written summary of testimony that the defendant intends to use as evidence at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence. The summary should describe the opinions of the witnesses, the bases and reasons for the opinions, and the qualification of the witnesses.

Pursuant to Fed. R. Crim. P. 12.3, the government hereby demands written notice of the defendant's intention, if any, to claim a defense of actual or believed exercise of public authority, and also demands the names and addresses of the witnesses upon whom the defendant intends to rely in establishing the defense identified in any such notice.

III.  Future Discussions

If you have any questions or requests regarding further discovery or a disposition of this matter, please do not hesitate to contact me.

Please be advised that, pursuant to the policy of the Office concerning plea offers and negotiations, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office. In particular, any discussion regarding the pretrial disposition of a matter that is not reduced to writing and signed by authorized representatives of the Office cannot and does not constitute a "formal offer" or a "plea offer," as those terms are used in Lafler v. Cooper, 132 S. Ct. 1376 (2012), and Missouri v. Frye, 132 S. Ct. 1399 (2012).

Very truly yours,

BREON PEACE
United States Attorney
Eastern District of New York

GLENN S. LEON
Chief
Criminal Division, Fraud Section
U.S. Department of Justice

By:  /s/ Andrew Estes
Andrew Estes
Trial Attorney
Criminal Division, Fraud Section
U.S. Department of Justice
(718) 254-6250

Enclosures (by hand and e-mail only)

cc:  Clerk of the Court (HG) (by ECF) (without enclosures)