```
 1                    UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF NEW YORK
 2
     ----------------------------x
 3                                        23-CR-255(HG)
     UNITED STATES OF AMERICA,
 4                                        United States Courthouse
               Plaintiff,                 Brooklyn, New York
 5
               -against-                  June 27, 2023
 6                                        11:00 a.m.
     JIAN CHEN,
 7
               Defendant.
 8
     ----------------------------x
 9
          TRANSCRIPT OF CRIMINAL CAUSE FOR STATUS CONFERENCE
10              BEFORE THE HONORABLE HECTOR GONZALEZ
                    UNITED STATES DISTRICT JUDGE
11

12   APPEARANCES
     For the Government:      BREON S. PEACE
13                           United States Attorney
                             UNITED STATES ATTORNEY'S OFFICE
14                           Eastern District of New York
                             271 Cadman Plaza East
15                           Brooklyn, New York 11201
                             BY:  ANDREW ESTES, ESQ.
16                           Assistant United States Attorney

17

18   For the Defendant:      VARGHESE & ASSOCIATES, P.C.
                             2 Wall Street
19                           New York, New York 10005
                             BY:  VINOO P. VARGHESE, ESQ.
20

21

22   Court Reporter:         LEEANN N. MUSOLF, RPR, CCR
                             Phone:  718-613-2489
23                           Email:  lmusolf.edny@gmail.com

24

25   Proceedings recorded by mechanical stenography.  Transcript
     produced by computer-aided transcription.
```

PROCEEDINGS

1            (In open court.)

2            THE COURTROOM DEPUTY:  This is Criminal Cause for a

3    status conference, Docket Number 23-CR-255.  United States of

4    America versus Jian Chen.

5            Parties, please state your appearances for the

6    record, starting with the government.

7            MR. ESTES:  Good morning, Your Honor.

8            Andrew Estes for the government.

9            THE COURT:  Good morning, Mr. Estes.

10           MR. VARGHESE:  Varghese and Associates by

11   Vinoo Varghese for Ms. Chen.

12           Good morning, Your Honor.

13           THE COURT:  Hi, Mr. Varghese.

14           THE COURTROOM DEPUTY:  Interpreter, can you stand

15   and state your name for the record.

16           THE INTERPRETER:  Yes.  Way Moy, W-A-Y, last name

17   M-O-Y.

18           THE COURTROOM DEPUTY:  Raise your right hand.

19           (The interpreter was sworn.)

20           THE INTERPRETER:  Yes, I do.

21           THE COURT:  All right.  Good morning, everyone.

22           This, technically, I guess is our first appearance

23   on this case, although this case has a lengthier history here,

24   but, Mr. Varghese, you're relatively new to the matter, so I

25   think we just, since the clock is running on anew, we'll just

3

PROCEEDINGS

1  start anew, but how much of the discovery in this case has

2  been turned over from the earlier version of the case?

3          MR. VARGHESE:  So, the earlier version of the case,

4  since that was a plea to an Information, the government had

5  not provided the Rule 16 discovery.

6          THE COURT:  Okay.

7          MR. VARGHESE:  It does have that material and is

8  prepared to hand it over today, its initial production that's

9  over 70,000 pages of documents.  We've discussed the proposed

10  protective order that counsel has reviewed with his client

11  with the assistance of the interpreter in court today, so

12  we'll submit that to the Court for its review.  And once

13  that's entered because of, in addition to the financial

14  records, there's protected patient health information because

15  of the Medicare and Medicaid claims, as well as patient files.

16          Once we provide that material to defense counsel, we

17  hope to be able to reengage in substantive negotiations to see

18  if this is a case that can be resolved short of trial now that

19  defense has the opportunity review those materials.

20          THE COURT:  Mr. Estes, remind me, I know you went

21  over this when we appeared at the plea withdrawal, but the

22  defendant's alleged role is what?

23          MR. ESTES:  So, the defendant was a co-owner of the

24  two pharmacies, as well as an employee of a nearby clinic.

25  So, in general, her role was referring or sending the patients

PROCEEDINGS

1    from the clinic to the pharmacies in exchange for kickbacks in

2    the form of payments of pharmacy profits at her direction.

3            THE COURT:  And is she a licensed pharmacist?

4            MR. ESTES:  No, she is not.

5            THE COURT:  But she owned the pharmacy?

6            MR. ESTES:  Correct.  She was an owner, in fact.

7    And to be clear, she was not listed as an owner with the Board

8    of Pharmacy or similar paperwork.

9            THE COURT:  Okay.

10           Mr. Varghese, I'm not going to ask you to refute the

11   allegations, they are just allegations, but anything to add

12   procedurally in terms of next steps?

13           MR. VARGHESE:  No, Your Honor.  I was just -- just

14   to be clear, I have been on the case for over a year,

15   Mr. Estes and I had -- we were the ones to bring to Mr. Estes'

16   attention the --

17           THE COURT:  The withdrawal?

18           MR. VARGHESE:  -- with the prior counsel and I filed

19   and stuff.  So I was before you at the last court date.

20           THE COURT:  No, I recall that.  I meant new to the

21   case and not having received any discovery?

22           MR. VARGHESE:  That's correct.

23           THE COURT:  So you're fresh in that regard.  All

24   right.

25           So how much time do you think makes sense given in

PROCEEDINGS

1  order for there to be any reasonable plea negotiations?

2  You're going to need some time to review the discovery.

3          MR. VARGHESE:  Yes.

4          THE COURT:  So what do you think, Mr. Varghese?

5  I'll look to you first.

6          MR. VARGHESE:  So, Mr. Estes and I've discussed

7  this, along with your courtroom deputy, and we believe we can

8  put on for a status conference on September 13th, and we would

9  waive consent to the waiver of Speedy Trial time until then.

10          THE COURT:  And you've had an opportunity to discuss

11  the Speedy Trial Act with your client?

12          MR. VARGHESE:  Yes.

13          THE COURT:  And she understands her rights?

14          MR. VARGHESE:  Yes.  When we were here last week for

15  the arraignment on the indictment, I actually had the

16  interpreter last week read her the Speedy Trial waiver and

17  explain that we would be consenting until this week and then

18  once we -- or here we would be consenting again until we --

19  for us to receive and inspect the discovery.

20          THE COURT:  Okay.

21          And there have been no issues with respect

22  supervision, right?

23          MR. VARGHESE:  Correct.

24          THE COURT:  All right.

25          MR. VARGHESE:  And just for the record, she, during

PROCEEDINGS

1    the whole time out, she was here, she made it, you know, all

2    the court appearances, didn't go anywhere.  And then Mr. Estes

3    contacted us the night before and she promptly appeared for

4    the indictment.

5              THE COURT:  Okay.  All right.  Very good.

6              All right.  So I'm going to adjourn the matter until

7    September 13th at 11:00 a.m.  The period from today through

8    September 13th of this year is excluded in computing time

9    under the Speedy Trial Act.  I find that the ends of justice

10   served by the adjournment and this continuance outweigh the

11   best interests of the defendant and the public in a speedy

12   trial, because the failure to grant the continuance will

13   deprive counsel for the defendant the reasonable time

14   necessary to review what appears to be voluminous discovery,

15   and also because the failure to grant a continuance would

16   deprive counsel for the defense and counsel for the government

17   the reasonable time necessary to engage in potential plea

18   negotiations or plea negotiations.

19             So for those reasons, I'm going to exclude time

20   through September 13th in the interest of justice.

21             Any other issues we can resolve today, Mr. Estes?

22             MR. ESTES:  No, Your Honor.  And if the Court

23   prefers, we can file the proposed protective order on the

24   docket as soon as I return to the office.

25             THE COURT:  That's fine, yes.

*LEEANN N. MUSOLF, RPR, Official Court Reporter*

PROCEEDINGS

1          Anything else, Mr. Varghese?

2          MR. VARGHESE:  No.

3          THE COURT:  All right.  Very good.  And I'll see you

4     folks in September.  Have a good summer.

5

6                     *      *      *      *      *

7          (Matter adjourned.)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25